ISIDORE SAMBUR, Plaintiff, *v.* HUDSON TRANSIT LINES, INC. (SHORE LINE SYSTEM), Defendant.

Supreme Court, Trial Term, Kings County, April 28, 1952.

*Louis Sanders* and *Nathan Gottesman* for plaintiff.

*Samuel Weiss* for defendant.

HILL, J. Plaintiff on July 3, 1947, purchased tickets for himself and family, deposited two bags adjacent to defendant's bus in New York City which they boarded for passage to Loch Sheldrake, New York, via the State of New Jersey. Plaintiff's luggage was lost in transit resulting in this suit.

It is undisputed that the two bags were left near the bus, pursuant to direction of defendant's driver, to be placed in the baggage compartment of the bus located under the floor. No check, token or mark was issued or employed by the defendant to verify plaintiff's luggage.

Defendant contends that its liability is limited to the sum of $50 ($25 for each bag) under Federal regulations relating to interstate transportation by common carriers (U. S. Code, tit. 49, § 20, subds. [11], [12]; § 319), schedules of which were duly filed.

Notice of "Baggage Regulations" was posted in defendant's terminal or station in New York City in the following language:

Checking of Baggage

Free Baggage allowance:

One or more pieces of baggage or property not exceeding 150 pounds in weight or $25 in value may be checked ✿ ✿ ✿.

Limitation of Liability: carrier is not liable, in the event of lost or damaged baggage, for a greater amount than $25 for one or more pieces of baggage or property of an adult ticket ✿ ✿ ✿.

Plaintiff relies principally on the cases of *Sayles* v. *Interstate Busses Corp.* (187 Misc. 286, City Court of Albany) holding that baggage not checked does not come within the Federal regulations, i.e., liability limited to $25 for each bag lost.

Plaintiff concedes that had the baggage been "checked", liability would then be limited to $50.

The only New York case, called to the court's attention by either side, bearing on this question, is the *Sayles* case (*supra*).

"Check" is defined in Webster's unabridged dictionary: "To verify, guard or make secure by means of a mark, token or similar check; to distinguish by a check; to put a mark against".

Defendant was engaged in interstate commerce. Federal regulations thereby govern.

The one question presented on this trial therefore is this. "Did the plaintiff check his baggage with the defendant as comprehended by the Federal regulations limiting liability?" Statutes in derogation of the common law must be strictly constructed. (*Transit Comm.* v. *Long Is. R. R. Co.*, 253 N. Y. 345; McKinney's Cons. Laws of New York, Book 1, Statutes [1942 ed.], § 301.)

The word " checked " in the Federal statute, limiting common-law liability, must be strictly construed.

The court must find that the plaintiff's baggage was not checked as contemplated by the Federal statute (*supra*).

It follows that the plaintiff is entitled to recover the full value of his loss. This presents a more difficult problem. I find, however, that since most of the items which made up the loss were used or second hand, a reasonable valuation would be two thirds of the original cost which figure was used by the plaintiff in most instances.

Judgment for the plaintiff in the sum of $492.10.